UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | |
|---|---|
| Latanya Frazier, on behalf of herself and all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>Baptist Health,<br><br>　　　　　Defendant. | Case No. 4:24-cv-00940-LPR |
| Chanta Ringo, on behalf of herself and all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>Baptist Health,<br><br>　　　　　Defendant. | Case No.: 4:24-cv-01097-LPR |

**PLAINTIFFS' MOTION TO CONSOLIDATE RELATED CLASS ACTIONS, AND SET SCHEDULING DEADLINES UNDER F.R.C.P. 42(a) AND MEMORANDUM IN SUPPORT THEREOF**

Plaintiffs Latanya Frazier and Chanta Ringo (collectively, "Plaintiffs") individually and on behalf of all others similarly situated, respectfully move the Court under Rule 42(a) of the Federal Rules of Civil Procedure for an Order consolidating the cases captioned above and setting scheduling deadlines. Plaintiffs communicated with counsel for Defendant Baptist Health ("Baptist" or "Defendant") who represented that Defendant does not oppose Plaintiffs' Motion with respect to consolidation and scheduling deadlines.

The related actions are *Frazier v. Baptist Health*, Case No. 4:24-cv-00940-LPR, which was removed to the Eastern District of Arkansas on October 31, 2024 ("*Frazier*"), and *Ringo v. Baptist Health*, Case No. 4:24-cv-01097-LPR ("*Ringo*"), which was removed to the Eastern District of

1

Arkansas on December 13, 2024 (collectively, "Related Actions"). The Related Actions concern injuries arising from Defendant's failure to implement reasonable data security safeguards sufficient to protect the personal identifying information ("PII") and personal health information ("PHI") (collectively, "Private Information") from unauthorized access.

The Related Actions bring common claims arising from the same Data Breach against Defendant. The Related Actions each allege that the Defendant's inadequate data security allowed a foreseeable and preventable Data Breach to occur, which compromised the Private Information of Plaintiffs and putative class members. Plaintiffs in both Related Actions seek similar damages and equitable relief arising out of the same claims as a result of the alleged Data Breach. Moreover, discovery in the Related Actions will focus on the same issues (e.g., Defendant's data security posture and practices) and seek documents and information from the same witnesses (e.g., Defendant's information technology personal and corporate officers). In the interest of efficiency, Plaintiffs thus submit that the Court should consolidate the Related Actions into the earlier filed action, *Frazier v. Baptist Health*, Case No. 4:24-cv-00940-LPR as well as any subsequently filed or transferred related actions, for pretrial purposes pursuant to Rule 42(a).

Plaintiffs collectively agree that consolidation is appropriate under Federal Rule of Civil Procedure 42(a) because the Related Actions involve common questions of law or fact insofar as they both name a single Defendant, arise from the same event, and assert claims for injuries arising from the Data Breach on behalf of nationwide putative classes. Plaintiffs further agree that consolidation will avoid unnecessary delay, reduce the risk of inconsistent or duplicative rulings, mitigate litigation costs and preserve judicial resources. In furtherance thereof, Plaintiffs submit a schedule herein for Plaintiffs to file a consolidated complaint and for briefing a motion to dismiss the consolidated complaint.

Accordingly, Plaintiffs file this motion and memorandum in support and request that the

Court grant their motion to Consolidate the Related Actions under Fed. R. Civ. P. 42(a).

## FACTUAL BACKGROUND

Defendant is the largest not-for-profit healthcare system in Arkansas with eleven hospitals, including a rehabilitation institute, as well as a nursing and allied health school, retirement community, physician management company and a multitude of therapy centers and clinics that add up to more than 180 points of access. Defendant is the fifth-largest employer in Arkansas with more than 11,000 employees. On or about September 17, 2024, through its ongoing investigation, Defendant determined that a data security incident resulted in the unauthorized access to/acquisition of employee and dependent information ("Data Breach"). On information and belief, the information compromised in the Data Breach encompasses Private Information, including but not limited to names, Social Security numbers, driver's license numbers, bank account information, and/or health insurance information.

Plaintiffs allege that the Data Breach resulted in the compromise of highly sensitive Personal Information belonging to hundreds of thousands of individuals. On September 26, 2024, Plaintiff Frazier filed the first complaint[1] against Defendant alleging various causes of action arising from the Data Breach. On November 6, 2024[2], Plaintiff Ringo filed a Complaint against Defendant alleging similar causes of action as *Frazier* and stemming from the same Data Breach.

Following the filing of the Related Actions, Plaintiffs conferred with Defense counsel regarding consolidating the Related Actions to conserve party and judicial resources and to allow Defendant to answer or respond in opposition to a single unified proceeding, prompting Plaintiffs to file this motion.

## ARGUMENT

### I. CONSOLIDATION OF THE ACTIONS IS APPROPRIATE.

---

[1] The Frazier Action was filed in the Circuit Court of Pulaski County, Arkansas, Civil Division and was subsequently removed by Defendant to the Eastern District of Arkansas on October 31, 2024.

[2] The Ringo Action was filed in the Circuit Court of Lincoln County, Arkansas, Civil Division and was subsequently removed by Defendant to the Eastern District of Arkansas on December 13, 2024.

### A. Legal Standard Regarding Consolidation.

The power to consolidate related actions falls within the broad inherent authority of every federal court "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Consolidation of actions in federal court is governed by Rule 42 of the Federal Rules of Civil Procedure, which provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Rule 42(a); *see also A/S J. Ludwig Mowinckles Rederi v. Tidewater Constr. Corp.*, 559 F.2d 928, 933 (4th Cir. 1977) ("District courts have broad discretion under [Rule] 42(a) to consolidate causes pending in the same district."); *see also In re CaptureRx Data Breach Litig.*, No. 5:21-cv- 00523-OLG, Doc. No. 13, at 1 (W.D. Tex. July 8, 2021) (consolidating actions in Data Breach class action "to ensure consistent and efficient adjudications in this Court….").

### B. The Related Actions Make Common Legal and Factual Allegations.

Consolidation of the Related Actions is warranted as the actions require proof of the same basic set of facts to support the causes of action. Specifically, each of the Related Actions focuses on whether Defendant is liable to patients for its failure to protect Plaintiffs' and putative class members' Private Information that it owed a duty to protect. Since the Related Actions pending before this Court present many of the same factual and legal questions, involve the same Defendant, and will involve substantially the same discovery, consolidation is appropriate to avoid duplicative litigation tracks. *See League of United Latin American Citizens v. Abbott*, No. EP-21- CV-00259-DCG, 2021 WL 5417402, at *2 (W.D. Tex. Nov. 21, 2021) ("The Court finds that all of the above-referenced cases are before the same court (the Western District of Texas); that the cases share

common defendants; that the cases share common questions of law and fact; that consolidation will conserve judicial resources and best serve the interests of all parties and witnesses; and that the cases are at similar stage of litigation.").

### C. The Related Actions Should be Consolidated to Reduce Costs and Delay.

The Related Actions involve similar factual allegations against Defendant regarding its failure in the same Data Breach. Indeed, if not consolidated, the separate Related Actions would result in virtually identical discovery requests and duplicative motion practice and cause an unnecessary drain on party and judicial resources. This is true despite variations in class definitions in the Related Actions. As explained in *Kaplan v. 21st Century Oncology Holdings, Inc*., where the court granted a motion to consolidate various class complaints in a Data Breach case:

> Applying the relevant factors from *Hendrix*, the Undersigned first finds that there is a substantial threat of inconsistent adjudications of common factual and legal issues if the cases are allowed to proceed separately. As stated above, all of the cases are pled as class actions and all of the cases allege a negligence claim. The majority of the cases share other substantive claims as well…
>
> Second, the Undersigned finds that the burden on parties, witnesses, and available judicial resources will be substantially lessened by consolidation. *Id*. On this point, the Court notes that all of the named Defendants in the thirteen related case are represented by the same counsel of record and none of the Defendants have objected to consolidation for pretrial purposes…
>
> Third, the length of time required to conclude a consolidated lawsuit instead of multiple suits is likely to be significantly lessened and, therefore, weighs in favor of consolidation.
>
> Finally, the relative expense to all parties concerned—particularly with regard to discovery—is highly likely to be lessened by litigating in one consolidated case rather than litigating in thirteen separate cases.
>
> Accordingly, consolidation of these cases not only serves to satisfy the standards set forth in Fed. R. Civ. P. 42(a), Local Rule 1.04(c), and *Hendrix*, but also to "secure the just, speedy, and inexpensive determination" of these proceedings.

*Kaplan v. 21st Century Oncology Holdings, Inc.*, No. 2:16-cv-210, 2016 WL 9383330, at *2-3 (M.D. Fla. July 21, 2016), report and recommendation adopted, No. 2:16-cv-210, 2016 WL

4204781 (M.D. Fla. Aug. 10, 2016).

Here, the Related Actions have a similar procedural posture and are both in their infancy. Defendant has not filed a response in either Related Action and the Court has stayed Defendant's responsive pleading deadline pending consolidation. *See Frazier* ECF 16; *Ringo*, ECF 17. Consolidation of the Related Actions before this Court will streamline the litigation and allow Defendant to make a single response thus promoting judicial economy, avoiding inconsistent rulings, and create efficiency in the discovery process. Alternatively, allowing these cases to proceed individually would strain party and judicial resources unnecessarily. Moreover, consolidation imposes no prejudice on Defendant as it agrees to consolidation and will benefit from the gained efficiencies.

### D.  Future-Filed Related Cases Should be Consolidated.

In addition, to ensure continued judicial efficiency, Plaintiffs also respectfully request that the Court order any future filed actions arising from the same or similar facts and circumstances be transferred to this Court and consolidated with the Consolidated Action. *See, e.g.*, *In re Life Partners Holdings, Inc.*, No. DR-11-CV-43-AM, 2012 WL 12875942, at *1 (W.D. Tex. May 9, 2012) ("future cases 'arising out of the same or substantially the same transactions or events as the above captioned cases' shall be united into the consolidated case.").

In line with the current consolidation, Defendant will suffer no prejudice from the consolidation of any related future filed actions, as it will not be faced with the possibility of relitigating issues that had been litigated in this Court. Consolidation of the Related Actions would therefore inure to the benefit of all parties involved.

### E.  Proposed Scheduling Order for Efficiently Proceeding.

Plaintiffs submit the following proposed schedule for efficiently proceeding:

1. Plaintiffs' consolidated class action complaint shall be filed within 30 days after

consolidation; and

2. Defendant shall file a response to the consolidated class action complaint within 45 days of the filing of the consolidated class action complaint, in the event that Defendant's response is a motion to dismiss, Plaintiffs shall have 30 days to file a response to the motion to dismiss, and Defendant shall have 30 days to file its reply in support of any motion to dismiss the consolidated class action complaint.

## CONCLUSION

For these reasons, Plaintiffs request the Court consolidate the Related Actions into the first filed action for all pretrial purposes, excluding trial. The Plaintiffs will contemporaneously file a Proposed Order for the Court's consideration.

Dated: March 25, 2025    Respectfully submitted,

/s/ Sean Short
Sean Short
Arkansas Bar No. 2015079
**SANFORD LAW FIRM, PLLC**
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Ste. 510
Little Rock, AR 72211
sean@sanfordlawfirm.com
Service only: service@eksm.com

Christopher D. Jennings (2006306)
**Jennings PLLC**
500 President Clinton Blvd.
Suite 110
Little Rock, AR 72201
Tel: 501-255-8965
chris@jenningspllc.com

Gary M. Klinger*
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**
227 W. Monroe St., Ste. 2100
Chicago, Illinois 60606
Phone: (866) 252-0878
gklinger@milberg.com

7

>Jeff Ostrow*
>**KOPELOWITZ OSTROW, P.A.**
>One West Las Olas Boulevard, Suite 500
>Ft. Lauderdale, FL 33301
>Tel: (954) 332-4200
>ostrow@kolawyers.com
>
>Leigh S. Montgomery*
>**EKSM, LLP**
>4200 Montrose Boulevard, Suite 200
>Houston, TX 77006
>Phone: 713-244-6363
>lmontgomery@eksm.com
>Service only: service@eksm.com
>
>*Pro Hac Vice* forthcoming

## CERTIFICATE OF SERVICE

I certify that on March 25, 2025, a copy of the foregoing document was filed and served on all parties in accordance with the protocols for e-filing in the Federal Rules of Civil Procedure.

>/s/ Sean Short
>Sean Short